(75 South. 91)

No. 20739.

PLATT v. BOUANCHAUD, Sheriff, et al.

(April 16, 1917.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ☞172(1)—PRESENTA-TION OF GROUNDS OF REVIEW — ASSERTING NEW GROUNDS OF RELIEF ON APPEAL.

When a defendant in executory proceedings has obtained a writ of injunction without bond, under article 739 of the Code of Practice, on the allegation merely that the debt has been paid, and, on failure to prove that the debt was paid, judgment is rendered dissolving the writ of injunction, the plaintiff in injunction cannot, by pleading prescription in the appellate court, have the judgment reversed and the injunction reinstated and perpetuated on the plea of prescription.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1070–1073, 1076–1078.]

2. EXECUTION ☞172(4)—INJUNCTION WITH-OUT BOND—PAYMENT—BURDEN OF PROOF.

By the terms of article 741 of the Code of Practice, a defendant in executory proceedings, who obtains a writ of injunction without bond, on the allegation that the debt has been paid, bears the burden of proving the payment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 525–532.]

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; Joseph E. Le Blanc, Jr., Judge.

Suit for injunction by Mrs. Maggie B. Platt against L. Bouanchaud, Sheriff, the Capital City Bank of Baton Rouge, and others. Judgment against plaintiff dissolving the injunction obtained and allowing defendant bank an attorney's fee as damages, and plaintiff appeals. Affirmed.

Claiborne, Claiborne & Claiborne, of New Roads, for appellant. Albin Provosty, of New Roads, for appellees.

O'NIELL, J. On the 29th of December, 1906, Robert S. Bienvenu sold a plantation to Mrs. Maggie B. Platt for $5,827.06. The price was represented by 11 promissory notes executed by Mrs. Platt, payable to her own order, indorsed by her and delivered to Bienvenu. Ten of the notes were for $500 each, maturing, respectively, on the 29th of December of each of the 10 years, commencing in 1907; and the eleventh note was for $827.06, payable 11 years after date. All of the notes bore interest at the rate of 8 per cent. per annum from their date, and were secured by a special mortgage and vendor's lien on the plantation.

On the same day—that is, on the 29th of December, 1906—Mrs. Platt leased the plantation to Bienvenu, for the term of 11 years, or, as stated in the contract of lease, for a term to continue until all of the 11 promissory notes held by him should be fully paid,

in principal and interest. The annual rent was fixed at $4 per acre, to be computed only on the open or cleared land susceptible of cultivation, to be determined by a survey to be made by a competent surveyor at the expense of Bienvenu. He had the survey made, and it showed that there were 152 acres of cleared land susceptible of cultivation, thus fixing the annual rent at $608. Mrs. Platt was duly notified to be present or represented at the making of the survey, but did not appear or appoint any one to represent her. It was stipulated in the contract that Bienvenu should have the right to make all necessary improvements to the property, such as ditching, fencing, and repairs to cabins, to such extent and in such manner as his judgment might dictate, and that the rent to become due by Bienvenu to Mrs. Platt should be applied by him first to the cost of such improvements as he might have made, the balance of the rent to be applied then to the payment of the interest due on the notes, and if there was yet any balance of rent due it should be applied to the payment of the principal of any matured note. It was agreed that Mrs. Platt should have the right to sell any or all of the timber on the plantation during the term of the lease, but that the proceeds of any such sale should be turned over to Bienvenu to be applied to the payment of the mortgage notes held by him. It was agreed that, if the annual rent should not be sufficient to pay any note at its maturity, Mrs. Platt should have the right to pay it with other funds.

On the 13th of November, 1908, Bienvenu pledged the 11 mortgage notes to the Capital City Bank of Baton Rouge, as collateral security for a loan of $3,000, made to him by the bank on his note payable in six months. The note due by Bienvenu to the bank was renewed from time to time, and the debt was increased, so that he remained continuously indebted to the bank for an amount not less than $3,000, and the bank continued to be the pledgee of the mortgage notes signed by Mrs. Platt, until September, 1913, when the bank instituted executory proceedings against Mrs. Platt and had the plantation seized and advertised for sale.

In October, 1913, Mrs. Platt filed this suit, alleging that the mortgage notes had been paid and extinguished, and she obtained a writ of injunction without bond, under articles 739 and 740 of the Code of Practice, preventing the sale. She alleged, in her petition for the injunction, that Bienvenu was a director and an officer of the bank at the time of the pretended pledge of the mortgage notes, and that the bank therefore acquired the notes in bad faith and with full knowledge of the equities existing between the maker and the original holder.

On the trial of the case, Mrs. Platt attempted to establish her plea of payment by showing that the amount due by Bienvenu for rent, in excess of the cost of the improvements made by him, had extinguished the mortgage notes. Bienvenu rendered statements and produced evidence showing that the cost of the improvements made by him, together with the amount paid for taxes on the plantation, exceeded the amount of the rent.

Judgment was rendered against the plaintiff, dissolving the writ of injunction, and allowing the defendant bank $200 for attorney's fees, as damages for the unlawful issuance of the writ of injunction. The plaintiff has appealed, and, in this court, has filed a plea of prescription of five years.

Opinion.

[1] One of the grounds or allegations on which a defendant in executory proceedings may obtain a writ of injunction without bond, under article 739 of the Code of Practice, is that the action for the recovery of the debt is barred by prescription; another is that the defendant has paid the debt for

which he is sued. The injunction in this case was obtained on the allegation of payment, not prescription. If the plaintiff in injunction failed to prove that the debt was paid, the writ of injunction was properly dissolved, and the judgment dissolving it could not be reversed and the injunction reinstated and perpetuated on a plea of prescription filed in this court. This, of course, has reference only to the note that matured on the 29th of December, 1907. The executory proceedings were filed and the notice to pay was served before the expiration of five years from the maturity of any other of the mortgage notes.

On the trial of the case, the defendant's counsel objected to the introduction of any evidence to prove the payment of the notes, on the ground that the bank had acquired them in good faith before maturity. The objection was overruled; and we think the ruling was correct as to the one of the notes that matured before the bank acquired them.

[2] Although Bienvenu was a director and officer of the bank at the time the latter acquired the notes, it does not appear that he acted for the bank in the transaction. Nor does it appear that the maker of the notes was entitled to any credit on them at that time. The plaintiff has failed to prove that the amount of her mortgage indebtedness was ever reduced by the rent due to her by Bienvenu. The expenditures by Bienvenu for improvements and taxes amounted to $3,642.06, during the seven years, from 1907 to 1913, inclusive. The amount due by Bienvenu to Mrs. Platt for rent during those seven years was $4,256. She was also entitled to credit for $418.18 for timber taken from the plantation—making a total credit due her of $4,674.18. Hence there was a balance of only $1,032.12, which, according to the terms of the contract, was to be applied to the interest due on the notes. The interest for seven years amounted to $3,263.15. Therefore, at the end of the year 1913, Mrs. Platt owed a balance of $2,231.03, for interest accrued, in addition to the entire original indebtedness secured by the mortgage on the plantation.

Some of the items on the account rendered by Bienvenu are disputed by Mrs. Platt; but, if the contests as to those items should be decided in her favor, it would not reduce the mortgage indebtedness below the amount due to the bank. In fact, it would not pay the balance of the interest due on the mortgage notes. One of the items contested is the amount of rent due to Mrs. Platt. She contends that the area of the arable land at the time of the lease was 163.87 acres, instead of 152 acres. This would make a difference of only $332.36 in seven years. She also contends that in the amount charged against her for improvements made by Bienvenu is included the cost of two cabins, which the contract did not authorize him to construct at her expense. His evidence shows that he cleared about 90 acres of land, which enhanced the value of the plantation to the extent of about $3,000; and that this increase in the area of land in cultivation made it necessary to construct two new cabins. Be that as it may, the amount expended for the two cabins is not as much as the balance due by Mrs. Platt for interest on the mortgage notes, even if she were allowed credit for the excess of rent claimed by her. These disputes could only be settled in a suit between Mrs. Platt and Bienvenu, who is not a party to this suit.

There appears to be no dispute as to the amount of the judgment for damages for attorney's fees incurred for the dissolution of the writ of injunction.

The judgment appealed from is affirmed, at the cost of the appellant.

PROVOSTY, J., recused.